Hall v. Roy, No. 55-3-13 Cacv (Teachout, J., Sept. 25, 2013).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                               **CIVIL DIVISION**
**Caledonia Unit**                                               **Docket No. 55-3-13 Cacv**

**LINDA HALL,**
    **Plaintiff-Appellant**

    **v.**

**CHAD ROY,**
    **Defendant-Appellee**

### DECISION
### Small Claims Appeal

Plaintiff-Appellant Linda Hall appeals from a decision of the Small Claims Court dismissing her small claims complaint against Defendant-Appellee Chad Roy following a hearing on January 29, 2013. Ms. Hall appeared at the Janurary 29 hearing pro se. Mr. Roy also appeared at the hearing and was represented by Attorney Jay C. Abramson.

The Small Claims Court concluded that Mr. Roy had upheld his end of the parties' negotiated settlement agreement and dismissed the complaint. On appeal, Ms. Hall raises factual arguments and also contends that the hearing was not fair in that she was not able to present evidence and she therefore requests a new hearing before a different judge. Mr. Roy filed a Motion to Strike or Dismiss, arguing Ms. Hall's memorandum of law was untimely and that she has failed to raise an appealable issue. Mr. Roy did not submit a memorandum of law.

In appeals from the Small Claims Court, the Superior Court's review is based on the record below and is limited to questions of law. 12 V.S.A. § 5538 (Cum. Supp. 2012); V.R.S.C.P. 10(c), (d) (Cum. Supp. 2012). This Court has reviewed the record of the hearing held in Small Claims Court, Ms. Hall's memorandum, and Mr. Roy's motion to strike or dismiss.

### FACTS

Ms. Hall purchased a pull-behind trailer from Mr. Roy. Some time thereafter, she began to experience problems with various parts of the trailer. Ms. Hall instituted a small claims complaint against Mr. Roy on September 6, 2012 seeking $5,000 in damages in Docket No. 191-9-12 Casc. On September 13, 2012, Mr. Roy filed an answer, disputing her claims and requesting a hearing. On October 24, 2012, the date scheduled for hearing, the parties entered into a voluntary agreement to mediate. They both then signed a "Mediated Settlement Agreement" providing for the case to be continued for 30 days to give the opportunity for Mr. Roy to make specified repairs, and providing that when they were finished, the case would be

dismissed. The Judge ordered the terms of the agreement and ordered that the case would be dismissed after 60 days unless the Court was notified that the terms were not fulfilled.

On November 26, 2012, Ms. Hall filed a written request to continue the suit. On January 29, 2013, the Small Claims Court held a follow-up hearing. Defendant presented evidence and argument in support of his position that he complied with the terms of the agreement, representing that Mr. Roy had complied by sending out a repairman on two occasions, except that the repairman was unable to fix the "slide-out" due to a large volume of clothing in garbage bags blocking the way. The Court admitted Defendant's Exhibit A, an invoice detailing what work was performed. Plaintiff also testified on her own behalf. She stated that most of the fixes that the repairman made were insufficient or resulted in more problems than solutions and she described a number of additional problems that were not the subject of the mediated agreement. She also indicated that she had taken pictures of various things, some of which were related to the repairs, including the undisputed fact that the slide-out had not been fixed, and some not. Plaintiff never asked the Judge to look at any pictures and the Small Claims Court accordingly never saw them.

After hearing the evidence by both parties, the Small Claims Judge found that Mr. Roy had complied sufficiently with his obligations under the agreement and dismissed Ms. Hall's complaint.

Ms. Hall filed her notice of appeal the same day indicating her factual disagreements and asserting that she was denied the ability to present evidence and requesting a new hearing with a different judge. Ms. Hall was given until March 22, 2013 to file her memorandum of law, and Mr. Roy until April 5, 2013 to file a response.

On March 21, 2013, Ms. Hall requested an extension, and on April 9, 2013, this Court granted her request and allowed her until April 22, 2013 to file her memorandum of law and gave Mr. Roy until May 6, 2013 to file a response. On May 10, 2013, Ms. Hall filed her memorandum of law. On May 20, 2013, Mr. Roy filed his motion to strike or dismiss.

CONCLUSIONS

As an initial matter, notwithstanding Ms. Hall's late filing, the Court concludes that Ms. Hall sufficiently alleged in her notice of appeal that the Small Claims Court denied her the ability to enter evidence. The Court also concludes that the alleged denial of the ability to enter evidence is an appealable legal issue. While small claims actions are conducted "in a summary manner," a litigant is still entitled to basic due process, including the right to present his or her own witnesses and exhibits. See V.R.S.C.P. 6(a) (Cum. Supp. 2012); *Brault v. Town of Milton*, 527 F.2d 730, 738–39 (2d Cir. 1975) ("The court's function is to assure that no party will be deprived of property without satisfying the fundamentals of due process . . . ."). Accordingly, this is an appealable issue that was timely raised and shall be addressed by the Court.

In her notice of appeal, Ms. Hall also raised issues of fact. As the Vermont Rules of Small Claims Procedure make clear, however, "[t]he appeal is limited to questions of law . . . ." V.R.S.C.P. 10(d) (Cum. Supp. 2012). Accordingly, these factual assertions shall not be addressed.

The Court concludes there is no error.

The Court has listened to the audio recording of the hearing and reviewed the evidence presented to the Small Claims Court. The record shows that both parties were given the opportunity to provide testimony and to present evidence, which they did. During Ms. Hall's testimony, she presented her version of events and referred to the fact that she had photographs that allegedly would show various defects or support other assertions she was making. Ms. Hall never asked to present any pictures to the Judge, who accordingly never denied any such request.

After hearing from both sides, the Small Claims Judge made findings and conclusions on the record. The Court found that Mr. Roy had met his end of the negotiated settlement agreement except for repairing the "slide-out," but the Court concluded that the repairman had been stymied in his efforts due to Ms. Hall leaving large amounts of clothing in garbage bags in the way. Accordingly, the Court dismissed Ms. Hall's complaint.

Each party was afforded a fair opportunity to present their case, including the opportunity to present evidence. Ms. Hall never attempted to offer the photographs into evidence and accordingly the Small Claims Judge never denied her the ability to do so. Merely referencing the existence of photographic evidence without attempting to admit them to the Court does not create legal error that requires reversal on appeal or a new trial. See, e.g., *State v. Rideout*, 2007 VT 59A, ¶ 19, 182 Vt. 113 ("As a general rule, [the court] will not consider issues that were not raised with specificity and clarity at trial.").

For the foregoing reasons, the January 29, 2013 decision of the Small Claims Court is *affirmed*.

Dated at St. Johnsbury, Vermont, this 24th day of September, 2013.


_____
Hon. Mary Miles Teachout
Superior Court Judge

3